# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PAUL MCCREARY,
#78362,

      *Plaintiff*,

vs.

JIM GIBBONS, *et al.*

      *Defendants*.

2:10-cv-01578-PMP-PAL

ORDER

This *pro se* prisoner civil rights action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court on Plaintiff's application (#1) to proceed *in forma pauperis* and for initial review under 28 U.S.C. § 1915A, as well as on Plaintiff's motion (#2) to raise his copy credit limit, motion (#3) for an evidentiary hearing, motion (#4) for appointment of counsel, motion (#5) to be present at hearings, first motion (#6) to submit evidence or discovery, second motion (#7) to submit evidence or discovery, motion (#8) to notice retaliations, motion (#9) to notice investigations, motion (#10) to notice employment history, and motion(#13) to submit evidence.

The Court finds that Plaintiff is unable to pay a significant initial partial filing fee, and the application therefore will be granted, subject to the remaining provisions herein. The Court accordingly turns to initial review.

## *Screening*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint,

or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

1    In the complaint, Plaintiff Paul McCreary brings claims for injunctive relief against, in
2    their official capacity only, Governor Jim Gibbons, NDOC Director Howard Skolnik, Assistant
3    Director James G. Cox, and Administrator of Offender Management Rex Reed.  He seeks
4    injunctive relief as to his classification and transfer within the Nevada prison system, legal
5    assistance, and medical care.

6    The complaint fails to state a claim upon which relief may be granted on any of the
7    three counts presented.

8    In Count I, Plaintiff alleges that prison officials improperly classified him as a maximum
9    security inmate and "unjustly" transferred him from Ely State Prison to High Desert State
10   Prison.  Plaintiff has no constitutionally protected right to a particular classification or to be
11   housed in a particular facility rather than another.  *See,e.g., Hernandez v. Johnston*, 833 F.2d
12   1316, 1318 (9th Cir.1987).

13   In Count II, Plaintiff alleges that the prison law library has not provided him copies of
14   the Federal Rules of Civil Procedure, the state civil procedure rules, and the state and federal
15   appellate rules.  The right guaranteed by the First Amendment is not a right to a particular set
16   of legal resources but instead is a right of access to the courts.  *Lewis v. Casey*, 518 U.S. 343,
17   350-51, 116 S.Ct. 2174, 2179-80, 135 L.Ed.2d 606 (1996).  In order to present a viable First
18   Amendment claim, for either monetary or injunctive relief, plaintiff must present factual
19   allegations that would show actual injury to his ability to present a claim to the courts.  518
20   U.S. 343 at 351-52, 116 S.Ct. at 2180.  The allegations in the complaint fail to do so.  Plaintiff
21   further alleges that "[t]he law library lady wearing a pink shirt had issues of picking up out
22   going legal mail."  To the extent, if any, that this allegation makes any sense, it does not state
23   a claim for relief.

24   In Count III, Plaintiff alleges that the medical unit at the prison has committed "medical
25   neglect/malpractice" by not responding to a kite requesting an appointment for pain in his left
26   ankle and lower back that he alleges resulted from a sexual assault and excessive force at
27   his prior institution.  The sparse allegations presented fail to state a claim.  In order to state
28   a claim for relief under the Eighth Amendment for deliberate indifference to serious medical

1   needs, plaintiff must present factual allegations tending to establish that the defendant official
2   knew of and disregarded an excessive risk to inmate health or safety. *See,e.g., Simmons v.*
3   *Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). The official both must be
4   aware of the facts from which the inference of an excessive risk to inmate health or safety
5   could be drawn, and he also must draw the inference. *Id.* In other words, a plaintiff must
6   show that the official was "(a) *subjectively aware* of the serious medical need and (b) failed
7   adequately to respond." *Id.*, (quoting prior authority, with emphasis in original). Medical
8   misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not
9   amount to deliberate indifference. *See,e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th
10  Cir.1992), *rev'd on other grounds*, WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997)(*en
11  banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989). Plaintiff does not present
12  allegations of actual fact satisfying this standard as to any of the named defendants.

13      Plaintiff further alleges that he received a response back stating that there was nothing
14  in his chart regarding such a prior complaint. Plaintiff maintains that "this proves tampering
15  with my medical chart." The mere fact that a health care provider responded that there was
16  nothing in his chart in this regard does not permit the Court to infer more than the mere
17  possibility of misconduct. *Cf. Iqbal, supra.* There may be any number of possible reasons why
18  the chart does not include the information, such as, for example, any such pertinent records
19  not having been forwarded to his current institution.

20      The complaint accordingly will be dismissed for failure to state a claim upon which relief
21  may be granted, subject to leave to amend.

22                                  ***Remaining Matters***

23      The motion (#2) to raise Plaintiff's copy credit limit at the institution will be denied on
24  the unsworn showing made. Plaintiff does not attach any paper from NDOC showing that he
25  has exceeded his copy credit limit, and he does not identify any particularized need for the
26  essentially blanket order requested. Plaintiff instead must document that he has exceeded
27  the copy credit limit, and he must show a particularized need for a specified increase in his
28  copy credit limit. Increases to the copy credit limit are not ordered routinely as a matter of

-4-

1   course, and the Court in no event will enter a blanket order for unlimited copying.  In the

2   meantime, Plaintiff appears to have no difficulty filing papers with the Court, the majority of

3   which are unnecessary filings.

4        The motion (#3) for an evidentiary hearing will be denied.  Plaintiff is not entitled to an

5   evidentiary hearing merely upon the filing of a complaint.

6        The motion (#4) for appointment of counsel will be denied.  There is no constitutional

7   right to appointed counsel in a Section 1983 action.  *E.g., Rand v. Rowland*, 113 F.3d 1520,

8   1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir.

9   1998)(*en banc*).  The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the

10  discretion to request that an attorney represent an indigent civil litigant.  *See,e.g., Wilborn v.*

11  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1)("The court may

12  request an attorney to represent any person unable to afford counsel.").  Yet the statute does

13  not give the court the authority to compel an attorney to accept appointment, such that

14  counsel remains free to decline the request.  *See Mallard v. United States District Court*, 490

15  U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).  While the decision to request counsel is

16  a matter that lies within the discretion of the district court, the court may exercise this

17  discretion to request counsel only under "exceptional circumstances."  *E.g., Terrell v. Brewer*,

18  935 F.2d 1015, 1017 (9th Cir. 1991).  A finding of exceptional circumstances requires an

19  evaluation of both the likelihood of success on the merits and the plaintiff's ability to articulate

20  his claims *pro se* in light of the complexity of the legal issues involved.  *Id.*  Neither of these

21  factors is determinative and both must be viewed together before reaching a decision.  *Id.*  In

22  the present case, looking  to both the likelihood of success and Plaintiff's ability to articulate

23  the claims presented, the Court does not find that exceptional circumstances exist herein.

24       The motion (#5) to be present at hearings will be denied as unnecessary.  No hearings

25  are scheduled in this matter.  The Court does not conduct *ex parte* hearings without an inmate

26  being able to participate in one fashion or another.

27       The motions (## 6, 7 & 13) to submit evidence or discovery both will be denied.  Local

28  Rule 26-8 expressly prohibits the filing of discovery materials in the record, and a party

otherwise may not unilaterally file evidentiary material into the record of the Court.  If Plaintiff continues to unilaterally file evidentiary material, the Court will enter a bar order directing the Clerk to return any such material unfiled.  The Court assumes no responsibility for the safekeeping of documents improperly sent to the Clerk.

The motions (## 8, 9 and 10) to notice sundry facts will be denied.  The motions to take notice are not pertinent to any proceeding currently ongoing in this action.  The Court is not going to take notice of any fact in such a manner with no connection to an ongoing or scheduled proceeding.  Moreover, in all events, the alleged facts as to which Plaintiff seeks the taking of judicial notice are not the kinds of facts as to which judicial notice can be taken under Rule 201(b) of the Federal Rules of Evidence.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED that the application (#1) to proceed in forma pauperis is GRANTED.  Plaintiff shall not be required to pay an initial partial filing fee.  However, even if the action is dismissed, plaintiff still must pay the full filing fee pursuant to 28 U.S.C. § 1915(b)(2).

IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT FURTHER IS ORDERED that the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.  **The Clerk of Court shall send a copy of this order to the Finance Division of the Clerk's office.  The Clerk shall also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702**.

IT FURTHER IS ORDERED that the Clerk shall file the Complaint and that the Complaint is DISMISSED for failure to state a claim upon which relief may be granted, subject to leave to amend within thirty (30) days of entry of this order.

1       IT FURTHER IS ORDERED that, on any such amended complaint filed, Plaintiff shall

2  clearly title the amended complaint as an amended complaint by placing the word

3  "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall

4  place the docket number, 2:10-cv-01578-PMP-PAL, above the word "AMENDED" in the space

5  for "Case No."  Under Local Rule LR 15-1 any amended complaint filed must be complete in

6  itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief

7  from prior papers that are not carried forward in the amended complaint no longer will be

8  before the Court.

9       IT IS FURTHER ORDERED that Plaintiff's remaining motions (## 2-10 & 13) are

10 DENIED, for the reasons stated herein.

11      The Clerk shall provide Plaintiff with a copy of the Complaint together with two copies

12 of a § 1983 complaint form and one copy of the instructions for same.

13      If an amended complaint is filed in response to this order, the Court will screen the

14 amended pleading before ordering any further action in this case.

15      If Plaintiff does not timely mail an amended complaint to the Clerk for filing, final

16 judgment will be entered dismissing the action.

17      DATED:  December 29, 2010.

18

19

20 _____

21 PHILIP M. PRO
   United States District Judge

22

23

24

25

26

27

28

-7-